STREETER, J.,
Concurring.—I concur fully in the majority opinion and write to emphasize an aspect of the trial court’s ruling, reversed by us today, that I find especially troubling.
For reasons that escape me, the court found Ms. Maria de la Luz Perez’s proffer of evidence of child abuse to be “irrelevant to the abuse alleged by Ms. Perez because it does not speak to any abuse that Ms. Perez has been subjected to.”
*402 The Family Code authorizes either party to seek modification of a restraining order and sanctions the protection of other family members upon a showing of “good cause.” (Fam. Code, §§ 6320, subd. (a), 6345, subd. (a).)[1] Evidence that Mr. Job Francisco Torres-Hernandez had physically abused the children is plainly relevant to the question of whether “good cause” exists to support modification of a restraining order to protect them. The trial court’s failure to address this issue cannot be reconciled with the provisions of the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200 et seq.) and its purpose of protecting against “acts of domestic violence, abuse, and sexual abuse.” (Fam. Code, § 6220.) Indeed, the DVPA expressly states that the court “shall consider whether failure to make any of these orders may jeopardize the safety of the petitioner and the children for whom the custody or visitation orders are sought.” (Fam. Code, § 6340.)
The Legislature’s sensitivity to this issue is not surprising, as counsel for Ms. de la Luz Perez has pointed out, given the abundance of social science studies showing a direct correlation between abuse against a parent and abuse against the children of that parent. (See Edleson, The Overlap Between Child Maltreatment and Woman Abuse (1997) (rev. Apr. 1999) National Electronic Network on Violence Against Women <http://www.bvsde.paho.org/bvsacd/ cd67/AR_overlap.pdf> [as of June 9, 2016], pp. 2-3; see also Meisner & Korn, Protecting Children of Domestic Violence Victims with Criminal No-Contact Orders (Apr. 2011) AEquitas: The Prosecutor’s Resource on Violence Against Women, STRATEGIES Newsletter <http://www.aequitasresource.org/ Protecting-Children-of-Domestic-Violence-Victims-with-Criminal-No-Contact-Orders.pdf> [as of June 9, 2016], p. 1; Hart & Klein, Practical Implications of Current Intimate Partner Violence Research for Victim Advocates and Service Providers (2013) National Criminal Justice Reference Service <https://www.ncjrs.gov/pdffilesl/nij/grants/244348.pdf> [as of June 9, 2016], p. 64 (Practical Implications) [citing over 30 studies showing 41% median co-occurrence of child maltreatment and adult domestic violence].)
Within this body of social science literature, most of the studies show that in 30-60 percent of families where either child abuse or spousal abuse exists, both forms of the abuse exist (see Hart & Klein, Practical Implications, supra, at pp. 64-65), a phenomenon no doubt reflective of the sad reality that some batterers abuse children as a way to inflict pain on the abused spouse. There is also a documented link in the severity of spousal and related child abuse. A number of the studies show that the more severe the spousal abuse, the more severely the battered spouse’s child is likely to be abused. (E.g., Edleson, The Overlap Between Child Maltreatment and Woman Abuse, supra, *403 at p. 4.) The overlap between children witnessing domestic violence and being abused themselves has been widely documented as well. (Ibid.)
On this record, there is plenty of evidence that, in her own right, Ms. de la Luz Perez deserves further consideration of her request for renewal of the original restraining order. But when that issue is taken up, the interests of the children and whether they ought to be made protected parties by modification of the restraining order must be carefully considered. And to evaluate both of Ms. de la Luz Perez’s requests for relief—for renewal and for modification— it is important to recognize that the interests of the children are, as a practical matter, bound up with the interests of their mother under the relevant statutory standard.

 (See also Code Civ. Proc., § 533 [authorizing modification of injunctions and temporary restraining orders upon a showing that the “ends of justice would be served” by such a modification].)